UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. R.,[1]<br>(A-Number: 221-486-669)<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | No.  1:26-cv-03592-JLT-EGC (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>[ECF No. 3]<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION<br><br>[10-DAY DEADLINE] |

Petitioner Christopher G. R. is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.)

On May 13, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025),

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

that would justify denying the petition. (ECF No. 8.) On May 15, 2026, Respondents filed a response in which they argue the case is distinguishable. (ECF No. 9.)

According to Respondents' exhibits, Petitioner entered the United States in or about 2020 at an unknown location, and he was not then apprehended. (ECF No. 9-1 at 3.) The records note Petitioner was encountered by Border Patrol on June 21, 2021, and June 23, 2021, but no further information is provided about these contacts. (*Id.*) It does not appear Petitioner was apprehended or processed by immigration authorities until March 28, 2026, when the St. Lucie County Jail in Florida contacted immigration authorities pursuant to the federal-state partnership program under Immigration and Nationality Act Section 287(g). (*Id.*) At that time, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") and charged with inadmissibility. (*Id.*)

The instant case is akin to other cases which this Court has previously decided. *See R.P.V. v. Minga Wofford, et al.*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez v. Christopher Chestnut, et al.*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). In those cases, the Court determined that Respondent's position that Petitioner was subject to mandatory detention under § 1225(b)(2) was incorrect. The Court concluded that persons in Petitioner's situation, i.e., those who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system, are <u>not</u> subject to mandatory detention under § 1225(b)(2). In line with other cases in this circuit, persons in Petitioner's position are subject to discretionary detention under 8 U.S.C. § 1226(a). *See, e.g., Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026). And in line with those cases, the Court recommends granting the petition and directing Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

2

Petitioner has also requested appointment of counsel. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the instant case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

## ORDER

Petitioner's motion for counsel, (ECF No. 3), is DENIED.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the petition be GRANTED and Respondents be ORDERED to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained. And should Respondents fail to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) in accordance with the order, the Court recommends that Respondents be ordered to release Petitioner immediately.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 21, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4