**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER G.R.,<br>(A Number: 221-486-669)<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | Case No. 1:26-cv-03592-JLT-EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED<br><br>(Doc. 11) |

Christopher G.R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 22, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and order Respondents to provide Petitioner with a bond hearing. (Doc. 11.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within ten days. (*Id.* at 3.) Respondents filed timely objections on May 24, 2026. (Doc. 12.) Petitioner filed a response to those objections on June 5, 2026 (Doc. 14.)

On July 8, 2026, the Court requested clarification from Respondents regarding the meaning of a statement in the I-213 produced by Respondents indicating that Petitioner had been encountered by Border Patrol twice within the span of three days near the border in June 2021. (Doc. 16.) On July 10, 2026, Respondents indicated that no further information is available to definitively explain the meaning of that language in the I-213. (Doc. 17.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case including Respondents' objections and Petitioner's response. The record as it stands does not demonstrate that Petitioner was formally evaluated by immigration authorities for danger or flight risk at any point prior to the challenged detention. For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026). Thus, the Court concludes the Findings and Recommendations are supported by the record and proper analysis, though the Court will require Respondents to comply with slightly modified procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026).

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 22, 2026 (Doc. 11) are **ADOPTED AS MODIFIED**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. **Within 48 hours of this order**, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
4. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of

the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]
7. The Clerk of Court is directed to serve the Golden State Annex with a copy of this Order.
8. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: July 14, 2026

UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.